UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORY DEAN RUNGE,

    Plaintiff,

v.

Mr. IPPOLLITO; A. SOTELLO; M. R. TURK; Mrs. BOCELLA; V. ORTEGA; E. GARCIA; J. W. DOVEY; M. S. EVANS; Mrs. WOLF; A. MAJOR; Dr. LEE; Mr. ARMSTRONG; R. JONES; C. R. SHARPS; Mr. CAITO; MR. RINCON; MRS. CALDERAS; and JANE DOES 1-6,

    Defendants.
                                      /

No. C 06-5218 PJH (PR)

**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL**

        This is a civil rights case filed pro se by a state prisoner. Plaintiff has renewed his request for appointment of counsel, three earlier such motions having been denied.

        There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

        The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Some of the defendants have moved to dismiss the claims against them on grounds plaintiff has not exhausted. Plaintiff has filed a very competent opposition to the motion, and the grounds for appointment of counsel he puts forward mostly relate to trial of this matter, something which may not occur if the case is disposed of on motion. The motions for appointment of counsel (documents number 20 and 33 on the docket) are **DENIED**.

Plaintiff's motion for an order for plaintiff's to stop allegedly-retaliatory actions (document number 9) is **DENIED**. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (party seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"; prisoner's request for injunction against retaliation for lawsuit was properly denied because not related to medical care issue of complaint).

**IT IS SO ORDERED.**

Dated:  August 14, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\RUNGE218.ATY.wpd