United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORY DEAN RUNGE,

        Plaintiff,

v.

Mr. IPPOLLITO; A. SOTELLO; M. R. TURK; Mrs. BOCELLA; V. ORTEGA; E. GARCIA; J. W. DOVEY; M. S. EVANS; Mrs. WOLF; A. MAJOR; Dr. LEE; Mr. ARMSTRONG; R. JONES; C. R. SHARPS; Mr. CAITO; and JANE DOES 1-6,

        Defendants.
_____/

No. C 06-5218 PJH (PR)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; INSTRUCTIONS TO MARSHAL; RULINGS**

    This is a civil rights case filed pro se by a state prisoner. In his amended complaint plaintiff presented five claims. The court noted that most of these claims were sufficient to require a response, but because some were not, the complaint was dismissed with leave to amend. Plaintiff amended, abandoning several of his claims, and the court ordered service of the amended complaint, document number thirteen.

    The defendants named in claims one, two and four have moved to dismiss for failure to administratively exhaust. Plaintiff has opposed the motions and replies have been filed. For the reasons set out below, the motion is **GRANTED**.

**DISCUSSION**

**A.    Motion to Dismiss**

    The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfies the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice.

*Id.* at 1120.

The complaint contains five claims. The motion to dismiss is filed by the defendants named in claims one, two and four, and goes only to those claims. The defendants named on the third claim have not moved to dismiss it, and the defendants on the fifth claim have not been served.

Movants contend that plaintiff did not exhaust his administrative remedies, and have provided declarations from an Appeals Coordinator at Salinas Valley State Prison, T. Variz, who states that plaintiff's attempted appeals of the issues involved in claims one, two and four were screened out as untimely, decl. Variz at ¶ ¶ 6, 7, and from the Chief of the Inmate Appeals Branch (the highest level in the administrative appeals system), who says that the administrative appeals with which plaintiff contends he exhausted did not reach the director's level, decl. Grannis at ¶ 3. Plaintiff does not dispute the facts as alleged by movants, but rather contends that he should be excused from exhausting because he was prevented from doing so when the appeals were screened out as untimely.

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386 (footnote omitted). Because plaintiff's grievances were filed long after expiration of the fifteen-day period to file, they were procedurally defective and thus not sufficient to exhaust. The motion to dismiss will be granted.

**B.  Plaintiff's Motions**

Plaintiff has moved for appointment of counsel. Although plianitff apparently has a mental illness, he has done a very good job litigating this case. The motion will be denied for the reasons set out in the court's denial of his earlier motion for counsel.

Plaintiff has also moved for further efforts to serve defendants Rincon and Calderas. The marshal was unable to serve them at the address given by plaintiff. The clerk will be

instructed to employ the established procedures to obtain addresses at which they can be served.

**CONCLUSION**

1. The motion to dismiss by defendants Sharps, Evans, Boccella, Garcia, Ippollito, Ortega, Sotelo and Turk (document number 28 on the docket) is **GRANTED**. Claims one, two and four are **DISMISSED** without prejudice. The remaining defendants (on claims three and five) are Evans, Major, Armstrong, Rincon and Calderas.

2. Plaintiff's motion for appointment of counsel (document number 42) is **DENIED**.

3. Plaintiff's motions for service and to order service (documents number 39 and 43) are **GRANTED** to the extent that the marshal is asked to employ the established procedures for locating CDC employees or ex-employees, including contacting the litigation coordinator at Salinas Valley State Prison, and, if that is unsuccessful, the Liability Response Unit at the CDCR in Sacramento, to find an address at which defendants Correctional Officer Rincon and RN/Nurse D. Calderas can be served. If such addresses are found, the clerk shall again issue summonses for these defendants and the marshal shall serve them. If summonses are issued, the clerk shall provide copies of the amended complaint (document 13) to be served with the summonses.

4. The clerk shall provide a copy of this order to the marshal.

5. This case is **STAYED** for thirty days to allow a further attempt to service, as outlined above. After expiration of the stay the court will issue a scheduling order.

**IT IS SO ORDERED.**

Dated: March 4, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\RUNGE218.MDISMISS.wpd

4