UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORY DEAN RUNGE,

    Plaintiff,

v.

Mr. IPPOLLITO; A. SOTELLO; M. R. TURK; Mrs. BOCELLA; V. ORTEGA; E. GARCIA; J. W. DOVEY; M. S. EVANS; Mrs. WOLF; A. MAJOR; Dr. LEE; Mr. ARMSTRONG; R. JONES; C. R. SHARPS; Mr. CAITO; and JANE DOES 1-6,

    Defendants.

No. C 06-5218 PJH (PR)

**ORDER RULING ON MOTIONS AND SETTING DEADLINES; INSTRUCTIONS TO MARSHAL**

    This is a civil rights case filed pro se by a state prisoner. In his amended complaint plaintiff presented five claims. The court held that parts of each of the claims were sufficient to proceed, but dismissed with leave to amend as to several defendants. Plaintiff amended, dropping his claims against Dovey, Caito, Lee and Jones, and adequately pleading a claim against Evans. Service was ordered on defendants Ippollito, A. Sotello, M. R. Turk, Bocella, V. Ortega, E. Garcia, M. S. Evans, A. Major, Armstrong, Rincon, Calderas, and C. R. Sharps.

    The defendants named in claims one, two and four moved to dismiss for failure to administratively exhaust. The motion was granted and claims one, two and four were dismissed for failure to exhaust. The remaining defendants (on claims three and five) were Evans, Major, Armstrong, Rincon and Calderas. The marshal was ordered to use established procedures to find an address at which defendants Correctional Officer Rincon and RN/Nurse D. Calderas could be served, and to serve them if an address were found.

Rincon has been served; Calderas has not.

Plaintiff has filed a number of motions.

## DISCUSSION

### A.     Motion to Alter or Amend

Plaintiff has filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. No judgment has been entered, so a Rule 59(e) motion is not appropriate. Because petitioner is pro se, however, it will be construed as a motion under the local rules for leave to file a motion to reconsider.

The Federal Rules of Civil Procedure do not provide for "Motions for Reconsideration;" such motions are created by local rules or practice. In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. See Civil L.R. 7-9(a).

No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. See Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. See Civil L.R. 7-9(b).

In his motion plaintiff attempts to reargue his contention that he did enough to exhaust, and also presents new arguments that could have been, but were not, presented at the time of the ruling. He thus has failed to establish any of the three showing required by the local rule. The motion to alter or amend, treated as a motion for leave to file a motion to reconsider, will be denied.

///

**B    Motion for Counsel**

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

It is difficult to evaluate plaintiff's chances of success at this stage of the case, but he has presented his claims adequately so far, and the issues are not complex. The motion for appointment of counsel will be denied.

**C.    Motion for Leave to Amend**

Plaintiff moves for leave to amend to add a claim six to his complaint. He has not included a proposed amended complaint with the motion, as required by Civil Local Rule 10-1. The motion itself will not be treated as the proposed amended complaint because an amended complaint completely replaces the original complaint, with the consequence that if the motion were treated as the amended complaint the other two claims would no longer be in the case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (amended complaint completely replaces original complaint). The motion will be denied without prejudice to filing a motion with a proposed complaint.

**D.    Other Motions**

Plaintiff has moved to withdraw his motion for summary judgment. The motion will be granted and the motion for summary judgment will be treated as withdrawn. This also moots his request for a ruling on the summary judgment motion.

Plaintiff also requests sanctions because, he alleges, defendants have gained

access to his mental health records. As a response to this motion would aid the court, defendants will be ordered to respond.

In two motions plaintiff asks that the defendants on the remaining claims, three and five, be ordered to respond. The court will enter a scheduling order requiring them to do so.

In its order granting the motion to dismiss the court ordered the marshal to employ established procedures, including if necessary contacting the Litigation Response Unit of the CDCR in Sacramento, in an attempt to obtain an address for service on defendants Rincon and Calderas. A return of service has been received showing service on Rincon, but that addressed to Calderas was returned with the notation "No record of this person at Salinas Valley State Prison." There is no indication that the Litigation Response Unit was contacted. Plaintiff states that he has discovered that Calderas is working in Coalinga, presumably at the state prison there. His motion to serve Calderas there will be granted.

## CONCLUSION

1. Plaintiff's motions to alter or amend (document 45 on the docket), for counsel (document 51), and for leave to amend (document 69) are **DENIED**. Because the motion for summary judgment has been withdrawn and the court has ruled on plaintiff's motion for counsel, his motions for rulings (documents 63 and 64) are **DENIED** as moot.

2. Plaintiff's motion to withdrawn his motion for summary judgment (document 68) is **GRANTED**. The clerk shall terminate the summary judgment motion (document 61).

3. Plaintiff's motions to order defendants to respond (documents 54 and 66) are **GRANTED**. The schedule below requires them to respond.

4. Plaintiff's motion for service on defendant Calderas (document 67) is **GRANTED**. The marshal shall contact the CDCR's Litigation Response Unit in Sacramento to determine an address for service on D. Calderas in Coalinga, California, and serve Calderas there.

5. Defendants shall file an opposition to the motion for sanctions within thirty days of the date of this order. If plaintiff wishes to file a reply, he shall do so within fifteen days of

4

the date the opposition is served on him.

    6. In order to expedite the resolution of this case, the court orders as follows:

        a. No later than sixty days from the date of this order, the remaining defendants shall file a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.

        c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

        d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    7. The clerk shall provide a copy of this order to the marshal.

**IT IS SO ORDERED.**

Dated:  March 23, 2009.

                                        PHYLLIS J. HAMILTON
                                        United States District Judge

G:\PRO-SE\PJH\CR.06\RUNGE218.MISCMOT.wpd