1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5

6

7   CORY DEAN RUNGE,

8                    Plaintiff,                    No. C 06-5218 PJH (PR)

9          v.                                      **ORDER RULING ON**
                                                   **PENDING MOTIONS; ORDER**
10  Mr. IPPOLLITO; A. SOTELLO; M. R.               **OF SERVICE; SCHEDULING**
    TURK; Mrs. BOCELLA; V. ORTEGA; E.              **ORDER**
11  GARCIA; J. W. DOVEY; M. S. EVANS;
    Mrs. WOLF; A. MAJOR; Dr. LEE; Mr.
12  ARMSTRONG; R. JONES; C. R.
    SHARPS; Mr. CAITO; and JANE DOES
13  1-6,

14                    Defendants.
    _____/
15

16         This is a civil rights case filed pro se by a state prisoner.  In his amended complaint

17  plaintiff presented five claims.  The court held that parts of each of the claims were

18  sufficient to proceed, but dismissed with leave to amend as to several defendants.  Plaintiff

19  amended, dropping his claims against Dovey, Caito, Lee and Jones, and adequately

20  pleading a claim against Evans.  Service was ordered on defendants Ippollito, A. Sotello,

21  M. R. Turk, Bocella, V. Ortega, E. Garcia, M. S. Evans, A. Major, Armstrong, Rincon,

22  Calderas, and C. R. Sharps.

23         The defendants named in claims one, two and four moved to dismiss for failure

24  to administratively exhaust.  The motion was granted and claims one, two and four were

25  dismissed for failure to exhaust.  The remaining defendants (on claims three and five) were

26  Evans, Major, Armstrong, Rincon and Calderas.  The marshal was ordered to use

27  established procedures to find an address at which defendants Correctional Officer Rincon

28  and RN/Nurse D. Calderas could be served, and to serve them if an address were found.

United States District Court

For the Northern District of California

1  Rincon has been served; Calderas has not.

2  Plaintiff and defendants have filed a number of motions.  They are ruled on below.

3  **DISCUSSION**

4  **A.     Motion for Counsel**

5  Plaintiff has renewed his motion for "appointment" counsel (document 85).  Five

6  previous motions have been denied.  As was the case then, plaintiff has done an adequate

7  job of litigating this case, and the claims are not complex.  The sixth motion will be denied.

8  **B.     Motion for Sanctions**

9  At plaintiff's deposition, counsel for defendants Armstrong, Evans, and Major, a

10 Deputy Attorney General, asked him about a document called "Mental Health

11 Interdisciplinary Progress Note."  The document records a visit by plaintiff with a prison

12 psychologist, Dr. Nakashima, and includes the doctor's impressions of plaintiff's mental and

13 physical condition.  Plaintiff contends that this information is confidential under California

14 law and that the action of counsel in obtaining it from his medical records should be

15 punished by a monetary sanction of $25,000.  He also asks that the court order defendants

16 and all other Salinas Valley State Prison officers and staff not to access and share his

17 confidential medical information.

18 There is no explanation in the record how the document came to be in the hands of

19 counsel; plaintiff has failed to show that defendants' counsel did not comply with California

20 law, which allows release of such information in a number of circumstances, *see* Cal.

21 Welfare & Institutions Code § 5328, and in any event it generally is not this court's function

22 to enforce state law.  Although this court can impose sanctions in some situations for failure

23 to comply with discovery requests, *see* Fed. R.Civ.P. 37, and can enter protective orders if

24 discovery is abusive, *see id.* at 26(c), this is neither of those situations.  The motion for

25 sanctions (document 65) will be denied.

26 **C.     Motion for Leave to File a Motion to Reconsider**

27 In an order entered on March 4, 2008, the court dismissed plaintiff's claims one, two

28 and four for failure to exhaust.  On March 14, 2008, plaintiff filed a motion to alter or amend

1  the judgment.  Because no judgment had been entered, the court treated it as a motion for

2  leave to file a motion to reconsider.  *See* Civil L.R. 7-9(a).  The motion was denied on

3  grounds plaintiff was attempting to reargue his contention that he did enough to exhaust,

4  and that any new arguments or facts he presented could have been, but were not,

5  presented at the time of the ruling.

6       Plaintiff now has filed a second motion for leave to file a motion to reconsider the

7  dismissal of claim four in the March 4, 2008, order.  Under Local Rule 7-9(b), a party

8  seeking leave to file a motion to reconsider must specifically show: (1) that at the time of

9  the motion for leave, a material difference in fact or law exists from that which was

10  presented to the court before entry of the interlocutory order for which the reconsideration

11  is sought, and that in the exercise of reasonable diligence the party applying for

12  reconsideration did not know such fact or law at the time of the interlocutory order; or (2)

13  the emergence of new material facts or a change of law occurring after the time of such

14  order; or (3) a manifest failure by the court to consider material facts which were presented

15  to the court before such interlocutory order.  See Civil L.R. 7-9(b).

16       In claim four plaintiff, who has been housed in a mental unit for eleven years and

17  who has repeatedly cut himself, contended that he got into a shouting match with Turk and

18  Garcia, that when he threatened to cut himself they told him to go ahead, that they ignored

19  his request to see a doctor, and that when they saw he had a razor blade they did nothing

20  to take it away from him.  Plaintiff contends in the current motion for leave to file a motion to

21  reconsider that in ruling on the earlier motion to reconsider the court failed to consider

22  material evidence, namely an appeal of a rule violation conviction that plaintiff pursued

23  through the final level.  A copy of that document was attached to the motion to alter or

24  amend.  Although it deals with a rules violation report that apparently was written as a

25  result of the same incident that gave rise to issue four, in his appeal of the rules conviction

26  plaintiff does not make the allegations regarding the defendants' disregard of his safety that

27  are the essence of claim four.  As a result, it was not sufficient to exhaust and so was not a

28  new material fact that would support granting leave to file a motion to reconsider.  The

1  motion for leave to file a motion to reconsider will be denied.

2  **D.      Plaintiff's Motion for Leave to Amend**

3       Plaintiff has filed another motion for leave to amend, document 90, in which he asks

4  leave to file a second amended complaint.  He also asks that the new claims in the second

5  amended complaint be held to relate back to the date of filing of the original complaint.  The

6  motion is accompanied by a proposed second amended complaint.  The motion is

7  unopposed.

8       The proposed complaint contains the two issues that remain in the case, plus a new

9  one.  Plaintiff states in his motion for leave to amend that from discovery he has learned

10  that defendant Major did not commence work at the prison until February 7, 2006.

11  Because Major therefore could not have been responsible for the delay in dentistry

12  between December 22, 2005, when plantiff sent in a health care request for dental care,

13  and February 7, 2006, plaintiff has added what he labels "claim six."  He also has

14  "substituted" the current warden, Paul Hedgepeth, for the former warden, defendant Evans.

15       Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of

16  amendments and, in general, leave shall be freely given when justice so requires.  *Janicki*

17  *Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).  Leave need not be granted,

18  however, where the amendment of the complaint would cause the opposing party undue

19  prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.

20  *Id.*; *see also Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981).  A

21  district court's discretion to deny leave to amend is particularly broad where the plaintiff has

22  previously filed an amended complaint, as here.  *See Wagh v. Metris Direct, Inc.*, 363 F.3d

23  821, 830 (9th Cir. 2003).

24       The defendants remaining in the case at this point are Evans, Major, Armstrong, and

25  Rincon.  The defendants on claim six are listed as being John Dovey, a former director of

26  the California Department of Corrections and Rehabilitation; Hedgepeth, the current

27  warden; doctor Lee, who plaintiff says was Chief Medical Officer at "all relevant times;"

28  Sonia Sanchez, a registered nurse; and doctor R. Jones, a dentist.

*United States District Court*
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1    There would be no point in allowing the amendment if the amended complaint fails

2    to state a claim.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

3    essential elements:  (1) that a right secured by the Constitution or laws of the United States

4    was violated, and (2) that the alleged deprivation was committed by a person acting under

5    the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

6    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

7    the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

8    the statement need only '"give the defendant fair notice of what the . . . . claim is and the

9    grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

10   omitted).  Although in order to state a claim a complaint "does not need detailed factual

11   allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

12   requires more than labels and conclusions, and a formulaic recitation of the elements of a

13   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

14   above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

15   (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief

16   that is plausible on its face."  *Id.* at 1974.

17   In the proposed amended complaint the claims against Dovey, Hedgepeth, and Lee

18   are respondeat superior claims, which cannot be the basis for liability under section 1983.

19   *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances there

20   liability under section 1983 solely because defendant is the superior of someone who

21   violated plaintiff's rights (respondeat superior liability)).

22   In the claim against doctor Jones, the dentist, plaintiff provides conclusions, such as

23   "[d]efendant R. Jones is responsible in some manner for the injuries alleged in this

24   complaint," but makes no factual allegations to support this conclusion, and more

25   specifically, provides no factual allegations that, if proved, would show that Jones knew of

26   plaintiff's problem with the second tooth.  "While legal conclusions can provide the

27   framework of a complaint, they must be supported by factual allegations.  When there are

28   well-pleaded factual allegations, a court should assume their veracity and then determine

United States District Court

For the Northern District of California

1 whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

2 1937, 1950 (2009). In the absence of the crucial factual allegations about Jones, the

3 proposed amended complaint fails to state a claim against him.

4      In his last claim, against nurse Sanchez, plaintiff alleges that Sanchez was alerted to

5 his severe pain and suffering by a health care services request form he filed on December

6 22, 2005. She charged him a five-dollar co-pay for a doctor visit that did not take place

7 and, despite his contention that his tooth was broken off at or below the gum line, was

8 bleeding sporadically, and hurt whenever he chewed, did not do anything about it, although

9 it was her responsibility as triage nurse to do so. These allegations are sufficient to state a

10 claim, so it would not be futile to allow the amendment. Plaintiff's motion for leave to

11 amend will be granted. His request that the claim be treated as relating back will be

12 denied; it can be addressed if Sanchez chooses to raise the statute of limitations as a

13 defense.

14      The above analysis also serves as the screening of claim six required by 28 U.S.C.

15 1915A(a). All claims in the new claim six will be dismissed for failure to state a claim

16 except those against Sanchez.

17 **E.**     **Motion to Compel**

18      Plaintiff has filed a motion to compel the production of documents he requested from

19 defendant Rincon. In his answer to the motion to compel Rincon says he has none of the

20 papers requested, perhaps because he no longer works for the Department of Corrections

21 and Rehabilitation. Plaintiff has not established that to be untrue. The motion will be

22 denied.

23 **F.**     **Summary Judgment Motions**

24      Defendants Evans, Major, and Armstrong have filed a motion for summary

25 judgment, and Rincon has filed a separate motion. As to both motions, plaintiff has asked

26 that the motions be denied or that ruling on them be stayed pursuant to Rule 56(f) of the

27 Federal Rules of Civil Procedure, because he has not yet been able to obtain the

28 declarations he says he needs to oppose them. *See* Fed. R.Civ.P. 56(f) (when more time

**United States District Court**
For the Northern District of California

1   for discovery is needed to oppose motion for summary judgment, motion may be denied or

2   stayed).  He also asks that the court order the prison to allow him to interview certain

3   employee witnesses and take their statements.

4        Plaintiff has filed an opposition to the motion for summary judgment filed by Evans,

5   Major and Armstrong.  In it he refers to a motion for an extension of time to oppose the

6   motion for summary judgment by Rincon, and Rincon has filed a reply to what he refers to

7   as plaintiff's opposition to his motion for summary judgment, but neither the request for an

8   extension of time nor the opposition has reached the court.

9        Plaintiff's motion under Rule 56(f) is insufficient because he fails to make clear "what

10  information is sought and how it would preclude summary judgment."  *Margolis v. Ryan*,

11  140 F.3d 850, 853 (9th Cir. 1998).  The motion will be denied.  But although the motion will

12  be denied, the fact remains that the court does not have the opposition to Rincon's motion

13  for summary judgment, although it appears Rincon received it, and that as a result of the

14  amended complaint there will be an additional defendant.  These matters are dealt with in

15  the schedule set below, which in view of the age of this case involve short deadlines.

### CONCLUSION

17  1.  Plaintiff's motion (document 92) for the court to rule on his motion for

18  appointment of counsel is **GRANTED**.  For the reasons set out above, the motion for

19  counsel (document number 85 on the docket) is **DENIED**.

20  2.  Plaintiff's motion for an extension of time to file his reply to the opposition to his

21  motion for sanctions (document 77) is **GRANTED**.  The reply is deemed timely.  His motion

22  to supplement his reply (document 88) also is **GRANTED**.  The motion for sanctions itself

23  (document 65) is **DENIED**.

24  3.  Plaintiff's motions for leave to file a motion to reconsider (document 71) and to

25  compel (document 78), and his motion under Rule 56(f) (document 110), are **DENIED**.

26  4.  Plaintiff's motion to withdraw his earlier motion for leave to amend (document 89)

27  is **GRANTED**.  Plaintiff also has withdrawn his request for a temporary restraining order.

28  The clerk shall terminate the earlier motion for leave to amend (document 72) and the

1   request for a TRO (document 106).

2       5.  Plaintiff's motion to deny defendants' motion for a stay of discovery (document

3   111) is an opposition, not a motion.  The clerk shall terminate it.  Plaintiff is requested not to

4   label papers as "motions" when they are not.

5       6.  Plaintiff's motion for leave to amend (document 90) is **GRANTED**.  The clerk shall

6   file the lodged proposed amended complaint.  To the extent the motion is for the court to

7   relate the new claim back to the time of filing of the original complaint, that part of the

8   motion is **DENIED** without prejudice to raising that contention if Sanchez presents a statute

9   of limitations defense.

10          a.  Plaintiff's claims against defendants Dovey, Hedgepeth, Lee, and R. Jones

11  in claim six of the second amended complaint are **DISMISSED** for failure to state a claim.

12  Because Hedgepeth was not warden when the events occurred that gave rise to the other

13  two claims, all other claims against him also are **DISMISSED**.  The only remaining new

14  claim is that against Sanchez contained in claim six.

15          b.  The clerk shall issue summons and the United States Marshal shall serve,

16  without prepayment of fees, copies of the second amended complaint (document 91) with

17  attachments and a copy of this order on Nurse Sonia Sanchez, who plaintiff says can be

18  found at Salinas Valley State Prison.

19      7.  The motions for summary judgment filed by Armstrong, Evans, and Major and by

20  Rincon remain submitted.  Plaintiff shall supply the court with a copy of his opposition to

21  Rincon's motion within ten days of the date this order is entered.  If he is unable to do so,

22  he shall so inform the court within ten days.

23      In order to expedite the resolution of this case, the court orders as follows:

24          a.  No later than thirty days from the date of service, defendant Sanchez shall

25  file a motion for summary judgment or other dispositive motion.  If Sanchez is of the opinion

26  that this case cannot be resolved by summary judgment, she shall so inform the court prior

27  to the date her summary judgment motion is due.

28          b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

**United States District Court**
For the Northern District of California

1  court and served upon defendants no later than thirty days from the date the motion was

2  served upon him.  Plaintiff should note the warnings regarding summary judgment and

3  motions to dismiss he was given with the original order of service.  *See Wyatt v. Terhune*,

4  315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th

5  Cir. 1998) (en banc); *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

6            c.  If Sanchez wishes to file a reply brief, she shall do so no later than fifteen

7  days after the opposition is served upon her.  No further filings, such as a "reply to reply" or

8  "response to reply" will be allowed without leave of court.

9            d.  The motion shall be deemed submitted as of the date the reply brief is

10  due.  No hearing will be held on the motion unless the court so orders at a later date.

11  Extensions of these deadlines will be granted only in the most compelling circumstances.

12       8.  The stay of discovery remains in effect.  Plaintiff may move for the stay to be

13  partially lifted to allow him to conduct focused discovery, but he must support any such

14  motion with the proposed discovery and must explain exactly how allowing it would assist

15  him in preventing summary judgment from being granted for defendants.

16       9.  Plaintiff has been unable to obtain service on defendant Calderas, and the court's

17  attempts to locate Calderas have failed.  Unless plaintiff can provide an address at which

18  she can be served within thirty days from the date this order is entered, the claims against

19  her will be dismissed for failure to obtain service.  *See* Fed. R.Civ.P. 4(m).

20       **IT IS SO ORDERED.**

21  Dated:  September 22, 2009.      _____

22                                       PHYLLIS J. HAMILTON
                                         United States District Judge

23

24

25

26

27  P:\PRO-SE\PJH\CR.06\RUNGE218.MISCMOT2.wpd

28